429 So.2d 750 (1983)
NORTHAMERICAN VAN LINES, INC., a Foreign Corporation, Appellant,
v.
Robbie B. ROPER and Tawnia Gaskins, Appellees.
No. AM-398.
District Court of Appeal of Florida, First District.
March 31, 1983.
Rehearing Denied May 2, 1983.
*751 Jeffrey D. Dunn, Jacksonville, for appellant.
Robert C. Gobelman and Jack W. Shaw, Jr., of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
SHIVERS, Judge.
We have for review a judgment awarding appellees Roper and Gaskins compensatory damages totalling $20,000. This litigation stems from a contract entered into by Roper and Northamerican Van Lines (Northamerican) in which Northamerican agreed to transport Roper's personal effects and belongings from New Jersey to Jacksonville, Florida. At the time of the planned move, Roper was in the process of divorcing her husband. As a condition of the contract, Northamerican agreed to remove Roper's belongings from the family residence while her husband was at work. Thereafter, as contracted, Northamerican removed Roper's belongings from the New Jersey residence and transported them to Jacksonville. When Roper and her daughter, Gaskins, arrived in Jacksonville, however, Roper was advised by Northamerican that their belongings would not be delivered as contracted, but would instead be stored at a transfer company. At that point, Roper contacted an attorney who made arrangements with the transfer company for the release of some of Roper's and Gaskins' clothing and personal effects. Among the items which were not released were Roper's furniture, including a washer and dryer, as well as the balance of her and her daughter's clothing. When Northamerican and the transfer company still refused to release the balance of her and her daughter's belongings one month after the shipment arrived in Jacksonville, Roper filed a replevin action against the transfer company. As a result of Roper's successful replevin action, Northamerican delivered the balance of the belongings on January 23, 1978, some four months after the contracted date of delivery. Thereafter, appellees filed a four count complaint alleging that Northamerican was liable to them for compensatory and punitive damages based on theories of contract, negligence, intentional tort and conspiracy. At trial, Roper testified that she could not afford to pay the $350.00 a month it would have cost to furnish her apartment with rental furniture. Roper also presented documented receipts which indicated that she had incurred $239.28 in actual out-of-pocket expenses during the period she was deprived of her property. Additionally, although not documented by receipts, Roper testified that she incurred other expenses such as $100.00 in transportation costs and $5.00 per week in laundry expenses during the four months she was without her washer and dryer. Roper further testified that she spent an unspecified amount of money eating out because she was unable to cook dinner at her apartment. Gaskins, the daughter, did not present any evidence to indicate that she had incurred any out-of-pocket expenses other than the expenses which were paid for by her mother. The only other evidence presented on the issue of damages consisted of testimony from both Gaskins and Roper indicating that they had suffered embarrassment, humiliation, and emotional distress due to the fact that they were forced to live in an unfurnished apartment, which they were ashamed to invite any friends to visit. The trial court specifically prohibited Roper and Gaskins from attempting to recover the attorney's fees incurred during the replevin action as an element of compensatory damages in the instant case. Although the jury was temporarily deadlocked, the jury returned a verdict in favor of appellees and awarded compensatory damages in the amount of $15,000 for Roper and $5,000 for Gaskins. No punitive damages were assessed. Northamerican then filed a motion for remittitur and new trial, both of which were denied by the trial court.
*752 On appeal, Northamerican contends that since appellees' out-of-pocket expenses totalled less than $2,000, the award of $20,000 in compensatory damages must be reversed because it is not supported by the manifest weight of the evidence. Appellees contend that in addition to the out-of-pocket expenses, the record also demonstrates that appellees sustained "intangible" damages. Taken together, appellees assert that this evidence is sufficient to sustain the jury's verdict of $20,000 in compensatory damages. Appellees have also cross-appealed alleging that the trial court erred in prohibiting appellees from recovering the attorney's fees incurred during the replevin action as an element of damages in this cause of action, and that, as a result, the issue of compensatory damages should be remanded for the sole purpose of assessing additional damages for attorney's fees.
The objective of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). Generally, in cases involving the loss or interference with the use of a plaintiff's property, damages are measured by the amount necessary to rent a similar article, regardless of whether the article is actually rented by the plaintiff. See A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528 (Fla. 1926); and Alonso v. Fernandez, 379 So.2d 685 (Fla. 3rd DCA 1980). In this case, appellees have presented evidence which demonstrates that they incurred actual damages totalling less than $2,000. The award of $20,000 in compensatory damages is inordinately in excess of these damages and unsupported by the manifest weight of the evidence. We are unpersuaded by the appellees' contention that the award is sustainable based on the "intangible" damages which appellees suffered. Appellees have cited no authority for the proposition that a jury may properly consider "intangible" damages such as embarrassment, inconvenience and humiliation as an element of compensatory damages in this kind of case, and moreover, we find no support for this proposition. We believe that the jury improperly considered what amounted to punitive damages in determining the issue of compensatory damages. Since it is apparent that the jury was confused as to the distinction between compensatory and punitive damages, we reverse the award of compensatory damages and remand the case for a new trial on the issue of compensatory and punitive damages.
We must also remand the issue of compensatory damages because the trial court erred in precluding appellees from recovering, as damages, the attorney's fees incurred during the prosecution of the replevin action against Northamerican. As a general rule, attorney's fees are not recoverable as an element of damages in the absence of statutory authority or a contractual agreement. However,
where the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interest, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages.
Baxter's Asphalt, Etc. v. Liberty County, 406 So.2d 461, 467 (Fla. 1st DCA 1981). Based on this exception to the general rule, appellees' attorney's fees in the replevin action are properly considered as an element of damages in this case. But for Northamerican's wrongful act in withholding appellees' personal effects and furniture, appellees would not have been forced to institute the replevin action against the transfer company.
REVERSED and REMANDED.
WENTWORTH and JOANOS, JJ., concur.