736 So.2d 29 (1999)
CITY OF TALLAHASSEE, Appellant,
v.
BLANKENSHIP & LEE, a Florida Corporation, Appellee.
No. 98-2729.
District Court of Appeal of Florida, First District.
May 14, 1999.
Rehearing Denied July 16, 1999.
Bruce A. Campbell, Assistant City Attorney, Tallahassee, for Appellant.
John C. Pelham, of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellee.
PER CURIAM.
The City of Tallahassee appeals from a final judgment that awarded bid preparation damages to Blankenship & Lee, which was disqualified from bidding on a construction project. We affirm the judgment below in all respects save one: The trial court erred by including attorney's fees as part of appellee's damages.
Blankenship & Lee proposed to bid on a natural gas line project, and submitted documentation to be pre-qualified for the project, sending a representative to the mandatory pre-bid conference and discussing its qualifications with the City's Project Engineer. Shortly before the bids were opened, however, the City informed Blankenship & Lee that it was not qualified because it did not have sufficient experience in installing polyethylene pipe. The company's bid was submitted, but was not *30 opened and would not have been the low bid.
Blankenship & Lee challenged this action under the City's bid protest procedure and, when the protest was rejected, filed this suit in circuit court. The company complained that the City's notice came too late, and sought to recover the costs it expended in preparing the bid and in pursuing the protest.
After a bench trial, the judge agreed with Blankenship & Lee and ordered the City to pay its bid preparation costs. The trial court included in this amount attorney's fees incurred in pursuing the bid protest.
Normally, attorney's fees are recoverable only when authorized by statute or contract. A very narrow exception to this rule exists, however:
"Where the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages."
Northamerican Van Lines, Inc. v. Roper, 429 So.2d 750, 752 (Fla. 1st DCA 1983)(emphasis added), quoting Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461, 467 (Fla. 1st DCA 1981) quashed 421 So.2d 505 (Fla.1982).
As Blankenship & Lee was not involved in litigation with others, but, rather, with the City, this exception does not apply. There was no contractual or statutory ground for Blankenship and Lee to recover attorney's fees from the City. Therefore, there was no legal ground upon which the trial court could order the City to pay Blankenship & Lee's attorney's fees, and the order below must be quashed.
As to the other point raised by the City, and as to Blankenship & Lee's cross-appeal, we find no error, and thus affirm.
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
JOANOS and MINER, JJ., CONCUR.
DAVIS, J., CONCURS IN RESULT ONLY.