FLETCHER, Judge.
Concrete & Lumber Enterprises, Corp. [C & L] seeks to reverse a final order granting them costs but denying attorney’s fees. We affirm.
C & L entered into a requirements contract with Fairmont Re-Bar Fabricators, Inc. [Fairmont]. The contract provided for the unilateral recovery of attorney’s fees by Fairmont if it was the prevailing party in any collection action. Fairmont subsequently went into bankruptcy and Guaranty Business Credit Corporation [Guaranty] took over collection of Fairmont’s accounts receivable. In so attempting, Guaranty filed a complaint against C & L for open account and account stated as to invoices connected with three ongoing construction projects. After nearly a year of pre-trial litigation and discovery, C & L filed a motion for summary judgment. Shortly thereafter, Guaranty filed a notice of voluntary dismissal with prejudice as to certain of the project invoices for which it sought payment, and without prejudice as to the remaining invoices. C & L then moved for attorney’s fees as the prevailing party, which motion was denied by the trial court.
The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919 (Fla.1990). Where attorneys’ fees are provided for by statute or contract, such fees are properly awarded after a voluntary dismissal, id., but only if the prevailing party has pleaded its entitlement thereto (subject to an exception inapplicable here). See Stockman v. Downs, 573 So.2d 835 (Fla.1991). Both parties had pled their entitlement to attorney’s fees in the complaint and answer respectively but pursuant to Florida Statute section 57.105 only and not pursuant to the contract.[1] The only subsections of section 57.105 which authorize the trial court to award non-contractual attorney’s fees are subsections (1) and (3), which require a finding that the suit was frivolously filed or was litigated for the purpose of unreasonable delay. The trial court made no such finding in this case.
After Guaranty voluntarily dismissed its claims, C & L moved to tax attorney’s fees and costs, for the first time raising subsection (5) of section 57.105. This subsection provides
“[i]f a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.”
§ 57.105(5), Fla. Stat. (2001). This section is not an independent fee authorization; rather it provides a means to treat contracting parties equally where one party’s fees are contractually provided. However, C & L had not alleged in its answer any reciprocal claim for contractual attorney’s fees, notwithstanding the contract’s unilateral fee provision favoring Fairmont. C & L’s post-dismissal attempt at contract fee *249 reciprocity came too late as parties cannot raise claims for attorney’s fees for the first time in a post-dismissal motion. Stockman v. Downs[2]; Bowman v. Corbett, 556 So.2d 477 (Fla. 5th DCA 1990). The trial court correctly denied C & L’s motion for attorney’s fees.
Affirmed.
GODERICH, J., concurs.

. No subsection of 57.105 was referenced in the complaint or answer.

. Stockman disapproved this court's holding in Protean Investors, Inc. v. Travel Etc., Inc., 519 So.2d 7 (Fla. 3d DCA 1987). Stockman at 838 ("We also disapprove of those district court of appeal opinions which hold that claims for attorney’s fees either pursuant to statute or contract need not be pled.").