PER CURIAM.
We have before us two requests for attorney’s fees. In the main appeal the trial judge denied stockholder Dr. Sidney Goldfisher’s request for attorney’s fees for his action which ultimately resulted in the removal of a “poison pill” clause from certain IVAX Corporation stockholder documents.[1] The trial judge called it a “close call”, but ultimately concluded that while Dr. Goldfisher’s claim did produce action by IVAX benefitting IVAX shareholders, Dr. Goldfisher had failed to request fees and thus could not recover them. We agree.
Dr. Goldfisher cited to case law observing that where a party brings an action producing a “common benefit” to shareholders, it creates a windfall for shareholders if the party precipitating the action is not compensated for his fees, and he maintained that his general claim for relief was a sufficient basis for the fees sought. See Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); see also Boeing Co. v. Van Gemert, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). Ultimately, on the instant facts, the trial judge did not rely on the “common benefit” cases, but rather, relied on general Florida law ■ providing that a claim for attorney’s fees must be pled. See Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991)(“[A] claim for attorney’s fees, whether based on statute or contract, must be pled. Failure to do so constitutes waiver of the claim.”); see also Tucker v. Ohren, 739 So.2d 684 (Fla. 4th DCA 1999); Dealers Ins. Co. v. Haidco Inv. Enters., 638 So.2d 127, 130 (Fla. 3d DCA 1994). Accordingly, we affirm that decision.
Here, IVAX seeks appellate attorney’s fees under section 57.105, Florida Statutes (2001). Those same cases providing that a “common benefit” may justify fees combined with the complaint’s arguable claim for relief, support the conclusion that IVAX is not entitled to section 57.105 fees. Dr. Goldfisher was not victorious, however neither his action nor subsequent appeal, were totally without merit. See Concrete & Lumber Enterprises Corp. V. Guaranty Business Credit Corp., 829 So.2d 247 (Fla. 3d DCA 2002.) (“The only subsections of section 57.105 which authorize the trial court to award non-contractual attorney’s fees are subsections (1) and (3), which require a finding that the suit was frivolously filed or was litigated for the purpose of unreasonable delay.”)
Accordingly, the main appeal is affirmed, IVAX’s request for appellate fees is denied.
SHEVIN, J., and NESBITT, Senior Judge, concur.

. Dr. Goldfisher challenged the “dead hand” pill as a violation of the Florida Business Corporation Act and a ultra vires act of the IVAX board.