Mr. Joseph G. Jarret Polk County Attorney Post Office Box 9005 Bartow, Florida 33831-9005
Dear Mr. Jarret:
On behalf of the Board of County Commissioners of Polk County, you ask substantially the following question:
May the county expend county funds to pay the attorney's fees of a citizen who sued the county pursuant to section 163.3215, Florida Statutes, and prevailed?
According to your letter, a citizen sued the county in accordance with section 163.3215, Florida Statutes. That section provides in subsections (3) and (4) that
"(3) Any aggrieved or adversely affected party may maintain a de novo action for declaratory, injunctive, or other relief against any local government to challenge any decision of such local government granting or denying an application for, or to prevent such local government from taking any action on, a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property which is not consistent with the comprehensive plan adopted under this part. . . .
(4) If a local government elects to adopt or has adopted an ordinance establishing, at a minimum, the requirements listed in this subsection, the sole method by which an aggrieved and adversely affected party may challenge any decision of local government granting or denying an application for a development order, as defined in s. 163.3164, which materially alters the use or density or intensity of use on a particular piece of property, on the basis that it is not consistent with the comprehensive plan adopted under this part, is by an appeal filed by a petition for writ of certiorari filed in circuit court no later than 30 days following rendition of a development order or other written decision of the local government, or when all local administrative appeals, if any, are exhausted, whichever occurs later. . . ."[1]
You state that the citizen prevailed in the lawsuit and now is seeking reimbursement for attorney's fees from the county. You ask whether the county is liable for such fees under the following facts:
"1. The applicable statute number appears to be silent as to the award of attorney's fees;
2. There exists no contract between the parties;
3. The citizens, in their verified complaint, did not plead for attorney's fees;
4. The issue of attorney's fees was never raised at trial;
5. The court, upon issuing its Final Judgment, did not award attorney's fees;
6. The case has become final, and no appeal was taken by either party;
7. There was no demand made for fees in accordance with F.S. s. 57.105 nor any other statute."
Generally, a court may award attorney's fees only when such fees are expressly provided for by statute, rule or contract.[2] As you note, section 163.3215, Florida Statutes, in providing for an aggrieved person to bring an action, does not provide for attorney's fees for the prevailing party.[3] Section 57.105(1), Florida Statutes, authorizes a court to award reasonable attorney's fees to the prevailing party on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense, when initially presented to the court or at any time before trial:
"(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts."
In addition, the courts have recognized a limited exception to the general rule prohibiting the award of attorney's fees unless provided for by statute, rule or contract in situations involving inequitable conduct.[4] Generally, a claim for attorney's fees, based on either statute or contract, must be pled.[5] However, according to your letter, the complaint did not plead for attorney's fees and no demand has been made for fees in accordance with section 57.105, Florida Statutes, or any other statute. You further state that the court did not order the payment of attorney's fees. No demand for payment was made to the county until after the case had become final and no appeal was taken.
In light of the above and based upon the facts as presented to this office, I am of the opinion that the county is under no requirement to pay the attorney's fees of a citizen who successfully sued the county pursuant to section 163.3215, Florida Statutes.
As to whether the county may pay such fees, I note that this office in Attorney General Opinion 98-18 advised the Department of Children and Families that it could not pay the attorney's fees incurred by a respondent to a dependency petition filed by the department pursuant to Part II, Chapter 39, Florida Statutes, when the respondent prevailed but there was no request for attorney's fees made during the pendency of the case, no court order directed the department to make such payments, and the case had become final with no issues pending before any court. This office recognized that the department, as an administrative agency, possessed only such authority as had expressly or by necessary implication been granted or conferred by law.[6] Thus, in seeking to carry out some function or to expend funds, the department was required to examine the statutes for authority.
Counties, however, have been granted broad home rule powers.[7] The exercise of such powers and the expenditure of county funds must be for a county purpose. Article VII, section 10, Florida Constitution, prohibits the state and its subdivisions from using their taxing power or pledging public credit to aid any private person or entity. However, if the expenditure primarily or substantially serves a public purpose, the fact that the expenditure may also incidentally benefit private individuals does not violate Article VII, section 10. As the Florida Supreme Court stated in State v. Housing Finance Authority of Polk County,[8]
"Under the constitution of 1968, it is immaterial that the primary beneficiary of a project be a private party, if the public interest, even though indirect, is present and sufficiently strong. State v. Putnam CountyDevelopment Authority, 249 So.2d 6 (Fla. 1971). Of course, public bodies cannot appropriate public funds indiscriminately, or for the benefit of private parties, where there is not a reasonable and adequate public interest. An indirect public benefit may be adequate to support the public participation in a project which imposes no obligation on the public, and the qualification of the direct beneficiary complies with the principles of due process and equal protection."
Generally, the payment of attorney's fees not required by statute, rule or contract would not appear to constitute an appropriate expenditure of county funds, although there may be instances where an action brought by a citizen to challenge an invalid action by the county could serve a county purpose. The determination of whether the expenditure of county funds serves a county purpose, however, is one that is within the exclusive providence of the board of county commissioners, as the legislative body for the county.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 163.3215(1), Fla. Stat., which states that _[s]ubsections (3) and (4) provide the exclusive methods for an aggrieved or adversely affected party to appeal and challenge the consistency of a development order with a comprehensive plan adopted under this part._ And see s.163.3215(2), Fla. Stat., defining _aggrieved or adversely affected party._See also s. 163.3243, Fla. Stat., providing that "[a]ny party, any aggrieved or adversely affected person as defined in s. 163.3215(2), or the state land planning agency may file an action for injunctive relief in the circuit court where the local government is located to enforce the terms of a development agreement or to challenge compliance of the agreement with the provisions of ss. 163.3220-163.3243."
[2] See, e.g., Moakley v. Smallwood, 826 So.2d 221 (Fla. 2002); Bane v.Bane, 775 So.2d 938 (Fla. 2000). And see Florida Patient's CompensationFund v. Rowe, 472 So.2d 1145 (Fla. 1985) (Florida has refused to accept the "English Rule" that attorney's fees are part of the costs to be charged by a taxing master, adopting instead the "American Rule" that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties); Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985).
[3] But see s. 163.3215(6), Fla. Stat., which requires the signature of an attorney or party that he or she has read the pleading or other paper and that, to the best of his or her knowledge formed after reasonable inquiry, it is not interposed for any improper purpose and if the pleading or other paper is signed in violation of these requirements, the court shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
[4] See Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla. 1998) (although "rarely applicable," the "inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith"); City of Tallahassee v. Blankenship Lee, 736 So.2d 29 (Fla. 1st DCA 1999). Cf. Price v. Tyler, 890 So.2d 246 (Fla. 2004), stating that the trend of decisions in Florida which uphold attorneys' fees as damages involved tort actions in which damages are recoverable; Susman v. Schuyler,328 So.2d 30 (Fla. 3rd DCA 1976); and Glusman v. Lieberman, 285 So.2d 29
(Fla. 4th DCA 1973).
[5] See Precision Tune Auto Care, Inc. v. Radcliffe, 815 So.2d 708 (Fla. 4th DCA 2002) (a claim for attorney's fees, based on either statute or contract, must be pled); Stockman v. Downs, 573 So.2d 835, 838 (Fla. 1991) (party seeking attorney fees pursuant to statute or contract must plead entitlement to such fees; proof of attorney fees may be presented after final judgment, upon motion within a reasonable time); Concrete LumberEnterprises Corp. v. Guaranty Business Credit Corp., 829 So.2d 247 (Fla. 3rd DCA 2002).
[6] See generally, Ops. Att'y Gen. Fla. 71-28 (1971) (to perform any function for the state or to expend any moneys for state, public officer seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so); 88-43 (1988) (in absence of a statute, Department of Health and Rehabilitative Services cannot make bonus payments to foster parents). And see Lee v.Division of Florida Land Sales and Condominiums, 474 So.2d 282 (Fla. 5th DCA 1985) (an administrative agency has only such power as expressly or by necessary implication is granted by legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power).
[7] See Art. VIII, s. 1(f), Fla. Const., providing in pertinent part that noncharter counties "shall have such power of self-government as is provided by general or special law." And see s. 125.01(1), Fla. Stat. ("[t]he legislative and governing body of a county shall have the power to carry on county government"); and Speer v. Olson, 367 So.2d 207 (Fla. 1978) (provision of section 125.01[1] grants to the governing body of a county the full power to carry on county government unless the Legislature has preempted a particular subject relating to county government by either general or special law). See also s. 125.01(1)(w), Fla. Stat. (county commission may perform any other acts not inconsistent with law which are in the common interest of the people of the county and exercise all powers and privileges not specifically prohibited by law); and s. 125.01(3)(b), Fla. Stat. (provisions of section shall be liberally construed in order to effectively carry out purposes of section and secure for counties the broad exercise of home rule powers authorized by State Constitution).
[8] 376 So.2d 1158, 1160 (Fla. 1979). If the county's taxing power or pledge of credit is involved, the improvements must serve a paramount public purpose. See, Orange County Industrial Development Authority v.State, 427 So.2d 174 (Fla. 1983). If, however, neither the taxing power nor a pledge of credit is involved, then it is enough to show only that a public purpose is involved. Linscott v. Orange County IndustrialDevelopment Authority, 443 So.2d 97 (1983).