970 So.2d 1019 (2007)
Don L. NELSON and Deslyn Nelson
v.
Cedrick MERRICK, Bearden Sandwich Company, D/B/A Southern Bell Sandwich Company and Scottsdale Insurance Company.
No. 2006 CA 2381.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
*1020 Richard J. Dodson, Kenneth H. Hooks, III, Baton Rouge, for Don L. Nelson and Deslyn Nelson.
Andrew A. Braun, David B. Wilson, New Orleans, for Defendant/Appellant National Union Fire Insurance Company of Pittsburgh. PA.
Before: GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
This is an appeal of the confirmation of a default judgment rendered against an excess insurer in the Nineteenth Judicial District Court. For the following reasons, we reverse the judgment of the trial court.
Plaintiff, Don L. Nelson, was involved in an automobile accident in July 2004 when the vehicle that he was driving was struck from the rear by a vehicle operated by Cedric Merrick. In April 2005, Nelson filed suit against Merrick, his employer Beardon Sandwich Co., Inc. d/b/a Southern Belle Sandwich Co. and Southern Belle's insurer, Scottsdale Insurance Company.
In August 15, 2006, a first amended petition was filed adding National Union Fire Insurance Company of Pittsburgh, PA (National Union) as a defendant. Service was requested pursuant to the Louisiana Direct Action Statute through the Secretary of State. According to the motion and order for preliminary default filed October 11, 2006, service of the first amended petition was made on August 31, 2006. No answer was filed into the record on behalf of National Union.
On Monday, October 16, 2006 a judge in the Nineteenth Judicial District, other than the one to whom this matter had been randomly allotted or the duty judge, heard the confirmation of default at plaintiffs' request. Don Nelson and his wife, Deslyn, who is also a plaintiff in this matter, testified. Additional evidence was offered and admitted, including a copy of two letters from attorneys. One letter, dated April 12, 2006 informed counsel for plaintiffs that there was an umbrella policy providing $1 million dollars in excess coverage and the second, dated August 17, 2006 indicating that "National Union" was the only information available at that time regarding the excess insurer, but that as more information was received it would be forwarded. The insurance policy was not admitted into evidence.
On October 19, 2006 judgment against National Union Fire Insurance Company of Pittsburgh PA was signed awarding Don L. Nelson and Deslyn Nelson $2,000,000.00, together with judicial interest from the date of demand until paid, and all costs of the proceedings. A suspensive appeal was filed alleging three assignments of error: (1) plaintiffs failed to introduce the insurance policy at issue; (2) plaintiffs failed to produce sufficient evidence to establish vicarious liability on the part of the insured, and thus coverage under the policy; and (3) plaintiffs failed to produce sufficient evidence on the issue of damages.
It is well established that for a plaintiff to obtain a default judgment, he must establish the elements of a prima *1021 facie case with competent evidence, as fully as though each of the allegations of the petition were denied by the defendant. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). The plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail in a trial on the merits. Id.
When reviewing a default judgment, an appellate court is restricted to a determination of sufficiency of the evidence offered in support of the judgment. Bates v. Legion Indem. Co., XXXX-XXXX (La.App. 1st. Cir.2/27/2002), 818 So.2d 176, 178. A plaintiff who knows of a writing that is the principal basis for his claims must produce it when it is the best evidence of the facts at issue. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972). The insurance policy allegedly issued by National Union is the foundation for this cause of action and introduction of the policy is required in order to establish the prima facie case necessary to obtain a valid default judgment. See Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., XXXX-XXXX (La. App. 1st Cir.2/9/07) 959 So.2d 914, 919.
Plaintiff is correct in noting that in Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La.1976) the supreme court found that all of the salient contractual provisions upon which plaintiff's suit was based were found in requests for admissions directed to insurer, Allstate, that Allstate failed to timely deny. However, we do not agree with plaintiff's contention that the crux of the supreme court's teaching in Rock was that in lieu of the production of the insurance policy itself, other evidence may be introduced to prove the existence of the insurance contract. There are several important factors that make Rock distinguishable from the matter before us. One is the fact that in Rock the defendant seeking to obtain reversal of the default judgment was bound by the legal precept that a judgment reciting that the evidence is sufficient creates a presumption that the evidence was sufficient, which must be overcome by the defendant. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and is contained in the record. Bates, 818 So.2d at 179. In such a case, the reviewing court is able to determine from the record whether the evidence on which the judgment is based was sufficient and competent. Id. In this case, the evidence upon which the judgment was based is in the record.
Further, jurisprudence has consistently held that competent evidence sufficient to support a default judgment under an insurance policy is the insurance contract itself. Holland v. Aetna Life & Cas. Ins. Co. (La.App. 1st Cir.1980), 385 So.2d 316, 317; Johnston v. Broussard 41,477 (La.App. 2nd Cir.9/20/06), 940 So.2d 79, 82. The jurisprudential exception is that when the plaintiff requests admissions of contractual coverage or production of the policy, the defendant's failure to comply may be construed as supplying the missing proof. Id.
We find that failure to introduce the insurance policy at issue requires reversal of the default judgment entered in this matter, and do not address the remaining assignments of error. The judgment appealed is reversed. Costs are assessed to Don L. Nelson and Deslyn Nelson.
REVERSED.
McCLENDON, J., agrees and assigns additional reasons.
McCLENDON, J., agrees and assigns additional reasons.
I agree that the proof in this record is insufficient to confirm the default judgment. *1022 In this case, the two letters from counsel representing defendants, other than the excess insurer, clearly do not qualify as judicial admissions by said excess insurer on the issue of its coverage. Thus, these letters do not fall within the Rock jurisprudential exception.