HENRY W. ROSENTHAL
v.
ROBERT B. SLACK AND ALICIA LAROCCA SLACK
No. 2008 CA 1938
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
ALVIN J. DUPRE, JR., Attorney for Plaintiff-Appellee, Henry W. Rosenthal.
ROBERT D. HOFFMAN, Jr., Attorney for Defendants-Appellants, Robert B. Slack and Alicia Larocca Slack.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
In this case, plaintiff, Henry W. Rosenthal, filed suit for specific performance and damages on June 29, 2007, against defendants, Robert B. Slack and Alicia LaRocca Slack, arguing defendants had failed to honor a purchase agreement that the parties entered into on August 7, 2006. On August 1, 2007, plaintiff filed a motion for preliminary default against defendants, alleging that they had been served with the petition, but had not yet filed an answer. The preliminary default was granted on August 2, 2007, and on August 23, 2007, a hearing was held on the confirmation of the default. After hearing the testimony of plaintiff and considering the documentary evidence, the trial court confirmed the default judgment and rendered judgment in favor of plaintiff. The August 23, 2007 judgment transferred defendants' ownership rights in the immovable property at issue to plaintiff, provided that plaintiff was responsible to defendants for their current mortgage obligation on said property, but only to the extent of $90,000.00 (the agreed upon price in the purchase agreement), and awarded plaintiff $2,000.00 in attorney fees plus costs of the proceeding. Defendants subsequently filed a timely motion for new trial, which was denied. This appeal by defendants followed.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. Code Civ. P. art. 1702. The plaintiff has the burden of establishing a prima facie case by proving with competent evidence the essential elements of his claim as fully as if each of the allegations of the petition had been specifically denied. Sessions & Fish man v. Liquid Air Corp,, 616 So.2d 1254, 1258 (La. 1993). The plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail in a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La. 1989); Assamad v. Percy Square and Diamond Foods, LLC, XXXX-XXXX, p. 3 (La. App. 1 Cir. 7/29/08), 993 So.2d 644, 646, writ denied, 2008-2138 (La. 11/10/08), 996 So.2d 1077.
When reviewing a default judgment, an appellate court is restricted to a determination of sufficiency of the evidence offered in support of the judgment. Nelson v. Merrick, 2006-2381, p. 3 (La. App. 1 Cir. 9/19/07), 970 So.2d 1019, 1021. The trial court's conclusion regarding the sufficiency of the evidence is a factual issue governed by the manifest error standard of review. Landry v. Boissenin, XXXX-XXXX, p. 3 (La. App. 1 Cir. 12/23/08), ___ So.2d ___. The manifest error standard requires that an appellate court give great deference to the trial court's findings of fact. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
Following a thorough review of the record and relevant jurisprudence, we find no manifest error in the trial court's ruling. The trial court had before it the testimony of plaintiff, which was supported by substantial documentary evidence. The trial court found that plaintiff produced "due proof in support of his demands. The record before us demonstrates that plaintiff presented sufficient evidence to establish a prima facia case of defendants' breach of the purchase agreement, entitling plaintiff to specific performance and attorney fees. Therefore, in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2A(8), we affirm the trial court's August 23, 2007 judgment confirming the default judgment in favor of plaintiff. All costs associated with this appeal are assessed against defendants/appellants, Robert B. Slack and Alicia LaRocca Slack.
AFFIRMED.
HUGHES, J., dissenting.
This case involves a real estate transaction. The parol evidence rule should apply. While plaintiff may well prevail after full discovery and a trial on the merits, the documents presented in support of the default judgment do not match up and therefore I will reluctantly dissent.