HIGGINBOTHAM, J.
Lin this case, the trial court rendered a default judgment in favor of plaintiffs, Travis and Janis Ware, and against defendant, Foremost Insurance Company, in the amount of $30,821,80. Foremost appeals arguing that the default judgment should be declared a nullity because no proof of service exists. In the alternative, Foremost argues that the trial court erred in confirming the default judgment because the Wares did not present evidence sufficient to establish their prima fade case under Louisiana Code of Civil Procedure article 1702.
FACTS AND PROCEDURAL HISTORY
The Wares contend that in April 2015, during a spring thunderstorm, wind and hail caused significant damage to their home in Denham Springs, Louisiana. After the thunderstorm, the Wares contacted Foremost, their alleged homeowner’s insurer, to. request that the damage to their home be inspected. Foremost, on more than one occasion, inspected the Wares’ home but denied coverage for their damages. Subsequently, the Wares retained an adjuster who inspected their home and determined that the cause of the damage to their home was wind and/or hail. The Wares forwarded the report of the independent adjuster to Foremost and again requested coverage, which Foremost denied. Thereafter, on April 7, 2016, the Wares filed a petition for damages against Foremost, seeking payment for damages their home sustained during the thunderstorm. Additionally, the Wares contended that Foremost’s denial of coverage was a breach of good faith and fair dealing in contravention of La. R.S. 22:1973, and they sought statutory penalties as provided by the statute.
On May 19, 2016, the trial court noted that all legal delays had elapsed since service of citation and the petition on Foremost, and ordered a minute entry reflecting a preliminary default. On May 26, 2016, the matter came before the trial court, and after a hearing, the trial court signed a final default judgment in favor of lathe Wares and against Foremost in the amount of $30,821.80 in damages and penalties. It is from this judgment that Foremost appeals, contending that the default judgment should be declared a nullity because no proof of service exists. In the alternative, Foremost argues that the trial court erred in confirming the default judgment because the Wares did not present evidence sufficient to establish their prima fade case under La. Code Civ. P. art. 1702.
STANDARD OF REVIEW
When reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, L.L.C., 2008-1111 (La. 5/5/09), 9 So.3d 815, 818. This determination is. governed by the manifest error standard of review. Id.
LAW AND ANALYSIS Proof of Service
Initially, Foremost contends that the default judgment should be declared a *3 nullity because no proof of service exists in the record. It is well settled that a default judgment may not be taken against a person who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31, 35-36 (La. 1979). Our review of the record reveals that the minute entry of May 19, 2016, indicates that Foremost was served with the petition. Additionally, in the transcript of the default confirmation hearing, the Wares’ attorney stated that Foremost was served on April 20, 2016, at its registered address for service of process through the Secretary of State, and the trial court’s clerk verified that no answer or opposition had been filed. Initially, the service return was not in the record, but because Rule 2-1.11 of the Uniform Rules of the Courts of Appeal provides that “[sjubpoenas, notices, and returns may be omitted from the record, unless they are at issue[,]” this Court ordered that the Clerk of Court for the 21st Judicial District Court supplement the record with any service returns. On the same day, this Court received a copy of the service return indicating 14that personal service was made on Foremost on April 20, 2016 by a sheriffs deputy for the Parish of East Baton Rouge. Thus, we find that Foremost’s contention that no evidence of service exists is meritless.

Requirements for a Default Judgment

In an alternative argument, Foremost maintains that the trial court erred in confirming the default judgment against it because the Wares failed to introduce the alleged insurance policy between the Wares and Foremost into evidence. Louisiana Code of Civil Procedure Article 1701(A) provides that “[i]f a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him.” Thereafter, the default judgment may be confirmed according to the requirements provided, in pertinent part, by La. Code Civ, P. art. 1702:
A. A judgment of default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to confirmation.... If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. ...
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
(Emphasis and italics added.)
Confirmation of the default is similar to a trial at which the defendant is absent. The plaintiff must present admissible and competent evidence that establishes a prima facie case, proving both the existence and the validity of the claim. Arias, 9 So.3d at 820; Frank L. Maraist, 1 Louisiana Civil Law Treatise: Civil Procedure, § 12.3, at 452-453 (2d ed. 2008). Inadmissible evidence may not support a default judgment even though it was not objected to because the defendant was not present. Arias, 9 So.3d at 820. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted | Bby the record upon which the judgment is rendered. Id. Therefore, our review is limited to determining whether the Wares offered sufficient and competent evidence that Foremost was responsible for the damages *4 sustained to their home, as well as statutory penalties under La. R.S. 22:1973.
To prevail in a suit based on coverage under an insurance policy, the prima, facie proof required includes introduction of the insurance policy into evidence, See Arias, 9 So.3d at 823-25. The insurance contract is an essential element of a plaintiffs prima facie case against an insurance company for purposes of confirming a default judgment. Arias, 9 So.3d at 822; Nelson v. Merrick, 2006-2381 (La. App. 1 Cir. 9/19/07), 970 So.2d 1019, 1021. A jurisprudential exception to this rule is that when the plaintiff requests admissions of contractual coverage or production of the policy and the defendant fails to comply, the defendant’s failure to comply may be construed as supplying the missing proof. Nelson, 970 So.2d at 1021.
The Wares’ suit was based on coverage under an insurance policy, thus the prima facie proof required in this case includes introduction of the insurance policy into evidence. While the Wares testified regarding the insurance policy and stated the policy number, the Wares did not introduce the insurance policy into evidence, nor did they file a request for admissions. Because the Wares did not provide an essential element of their prima facie case against Foremost, the trial court erred in granting a default judgment in favor of the Wares against Foremost.
CONCLUSION
For the foregoing reasons, we vacate the May 26, 2016 default judgment rendered and confirmed by the trial court against defendant-appellant, Foremost Insurance Company. This matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against, plaintiffs-ap-pellees, Travis and Janis Ware.
MAY 26, 2016 FINAL JUDGMENT OF DEFAULT VACATED; CASE REMANDED.