STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1685

STEPHANIE MICHELLE PATIN

VERSUS

TAMMY E. GOUDEAU, ALLSTATE INSURANCE COMPANY, AND STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**Judgment Rendered:**   OCT 2 7 2020

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge Parish
State of Louisiana
Suit Number C663354

Honorable Richard M. "Chip" Moore, III, Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Michael A. Betts<br>Denham Springs, LA | Counsel for Plaintiff/Appellee<br>Stephanie Michelle Patin |
| Charles L. Chassaignac, IV<br>Eleanor Weeks Wall<br>J. Murphy Delaune<br>Kellye R. Grinton<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>State Farm Mutual Automobile<br>Insurance Company |
| and | |
| Emily S. Morrison<br>New Orleans, LA | |

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, AND WOLFE, JJ.

**GUIDRY, J.**

In this personal injury action, defendant, State Farm Mutual Automobile Insurance Company (State Farm), appeals from the August 7, 2019 judgment of the trial court confirming a default judgment in favor of plaintiff, Stephanie Patin. For the reasons that follow, we vacate the August 7, 2019 judgment.

## FACTS AND PROCEDURAL HISTORY

On November 10, 2016, Patin was a guest passenger in a vehicle owned and operated by Felicia Morris. While traveling northbound on O'Neal Lane in Baton Rouge, Louisiana, the vehicle operated by Morris was struck by a vehicle operated by Tammy Goudeau. As a result of injuries allegedly sustained in the accident, Patin filed a petition for damages on November 9, 2017, naming as defendants Goudeau; Goudeau's insurer, Allstate Insurance Company (Allstate); and State Farm, the alleged uninsured/underinsured motor vehicle insurance carrier for Morris. Patin sought damages for past, present, and future medical expenses, lost wages, diminished earning capacity, and physical and mental pain and suffering.[1] Patin requested service of the petition on State Farm through the Louisiana Secretary of State.

Thereafter, on September 17, 2018, Patin filed a motion and order for preliminary default, asserting that more than fifteen days had elapsed since service was achieved on State Farm through the Louisiana Secretary of State and no answer or opposition had been received. The trial court subsequently signed an order granting a preliminary default on September 24, 2018. The trial court thereafter held a hearing on the confirmation of the default judgment, following which the trial court signed a judgment on August 7, 2019, confirming the default judgment previously entered on September 24, 2018, and rendering judgment in favor of Patin and against State Farm in the amount of $150,000.00 for general

---

[1] Patin subsequently settled her claims against Goudeau and Allstate, and those defendants were dismissed pursuant to a joint motion of partial dismissal on March 20, 2019.

2

damages, $25,000.00 for loss of enjoyment of life (less $15,000.00 already received from Allstate), $10,800.00 in lost wages, and $45,625.00 for medical expenses. Notice of judgment was mailed to the Louisiana Secretary of State on August 9, 2019.

State Farm now appeals from the trial court's judgment.[2]

## DISCUSSION

Louisiana Code of Civil Procedure article 1701(A) provides that "[i]f a defendant in the principal or incidental demand fails to answer or file other pleadings within the time period prescribed by law or by the court, a preliminary default may be entered against him." A judgment of default must be confirmed by proof of the demand that is sufficient to establish a *prima facie* case and that is admitted on the record prior to confirmation. La. C.C.P. art. 1702(A).

The entry of a final default judgment is similar to a trial at which the defendant is absent. The plaintiff must present admissible and competent evidence that establishes a *prima facie* case, proving both the existence and the validity of the claim. Ware v. Foremost Insurance Company, 16-1481, p. 4 (La. App. 1st Cir. 6/2/17), 223 So. 3d 1, 3. In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. The trial court's conclusion regarding the sufficiency of the evidence is a factual issue governed by the manifest error standard of review. Landry v. Boissenin, 08-1240, p. 3 (La. App. 1st Cir. 12/23/08), 4 So. 3d 872, 873.

In the instant case, Patin alleged in her petition that State Farm was the uninsured/underinsured motor vehicle insurer for Morris and that this policy

---

[2] From our review of the record, it appears that State Farm filed a motion for new trial on September 3, 2019, almost a month after the clerk of court mailed notice of signing of the August 7, 2019 default judgment. As such, State Farm's motion for new trial was untimely. See La. C.C.P. art. 1974. There is no evidence in the record that the trial court ruled on State Farm's motion; however, because the motion for new trial was untimely, the lack of a ruling does not affect this court's appellate jurisdiction to consider the merits of the instant timely-filed appeal. See Harris v. Louisiana Department of Public Safety and Corrections, 19-1657, p. 5 (La. App. 1st Cir. 8/3/20), __ So. 3d __.

3

provided coverage for the injuries she sustained in the automobile accident. As such, the insurance policy allegedly issued by State Farm is the foundation for Patin's cause of action and is an essential element of Patin's *prima facie* case against State Farm for purposes of confirming a default judgment. See Arias v. Stolthaven New Orleans, L.L.C., 08-1111, p. 10 (La. 5/5/09), 9 So. 3d 815, 822; Ware, 16-1481 at p. 4, 223 So. 3d at 5; North Shore Regional Medical Center, L.L.C. v. Dill, 12-0850, p. 12 (La. App. 1st Cir. 3/22/13), 115 So. 3d 475, 482, writ denied, 13-0866 (La. 5/31/13), 118 So. 3d 396; Landry, 08-1240 at p. 3, 4 So. 3d at 873; Nelson v. Merrick, 06-2381, p. 4 (La. App. 1st Cir. 9/19/07), 970 So. 2d 1019, 1021. Therefore, in order to prevail in her suit based on coverage under State Farm's insurance policy, the *prima facie* proof required included introduction of State Farm's insurance policy into evidence. See Arias, 08-1111 at p. 11, 9 So. 3d at 822; Ware, 16-1481 at p. 4, 223 So. 3d at 5; North Shore Regional Medical Center, L.L.C., 12-0850 at p. 7, 115 So. 3d at 479-480; Landry, 08-1240 at p. 3, 4 So. 3d at 873; Nelson, 06-2381 at p. 4, 970 So. 2d at 1021.[3]

A review of the record indicates that while Patin testified that Morris had told her she had insurance through State Farm and thought the limits of coverage were $100,000.00, Patin failed to introduce a copy of State Farm's uninsured/underinsured insurance policy into evidence at the confirmation hearing. Accordingly, because Patin failed to introduce the policy, she did not provide an essential element of her *prima facie* case against State Farm, and the trial court erred in granting a default judgment in favor of Patin and against State Farm.

---

[3] We note that the jurisprudence recognizes an exception to the rule that introduction of an insurance policy is required for a *prima facie* case when the plaintiff requests admissions of contractual coverage or production of the policy and the defendant fails to comply. See Nelson, 06-2318 at p. 4, 970 So. 2d at 1021. However, there is no evidence in the record that Patin requested admissions from State Farm. As such, this exception is not implicated by the facts of this case.

## CONCLUSION

For the foregoing reasons, we vacate the August 7, 2019 default judgment rendered and confirmed by the trial court against State Farm Mutual Automobile Insurance Company and remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this proceeding are assessed to Stephanie Patin.

**AUGUST 7, 2019 JUDGMENT OF DEFAULT VACATED; REMANDED.**