# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LEONARD MECCA** and **KATHLEEN MECCA,**
Appellants,

v.

**RICHARD BERK, ARNAUD SITBON** and
**ESJ CAPITAL PARTNERS, LLC,**
Appellees.

No. 4D2023-1300

[September 11, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502018CA005168.

Bernard Lebedeker of Reid Burman Lebedeker Xenick Pepin, West Palm Beach, for appellants.

Adam J. Lamb of Fox Rothschild, LLP, Miami, for appellees.

PER CURIAM.

*Affirmed.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

The trial court granted summary judgment in an action for fraud, on the ground that appellants had no recoverable damages. I would hold that some of the damages sought were recoverable.

The entire controversy arose from a real estate deal gone bad between appellants and ESJ Realty company. Appellee Richard Berk originally approached appellants to purchase their property. Appellee Sitbon signed a letter of intent on behalf of ESJ Capital Partners (ESJ Capital). However, as a requirement of appellees, the ultimate contract to purchase the property was between ESJ Realty, Inc., and appellants.

When ESJ Realty determined that due to zoning changes its original plans could not be accomplished, it requested changes in the contract, and appellants withdrew from the contract. ESJ Real Estate filed suit against appellants for breach of contract and/or contract reformation. Appellants then sued ESJ Capital Partners, Berk and Sitbon, alleging that they fraudulently induced them to enter the Contract with ESJ Real Estate. They also alleged appellees made numerous other false representations, all which appellees denied.

In their fraud complaint, appellants sought damages in three categories:

> 1. $91,024.69 in attorney's fees that they allegedly expended in defense of the ongoing Contract Action with ESJ Realty under the wrongful act doctrine.

> 2. Approximately $935,000 in "lost interest" they would have earned on the $9,000,000 Contract if the parties closed on both closing dates, calculated at a "conservative 5% per annum" interest rate.

> 3. Attorneys' fees and costs expended by appellants in a Partition Action.

Appellees moved for summary judgment claiming that appellants had no recoverable damages. The court granted the motion and entered final judgment for appellees, determining that: (1) appellants could not recover attorney's fees for the contract action either through the wrongful act doctrine or the independent tort doctrine; (2) the lost interest was too speculative to recover; and (3) attorney's fees in the partition action were not recoverable in this case. While I agree with the trial court that lost interest and fees in the partition action are not recoverable, I disagree that appellants cannot claim their attorney's fees for defending the contract action brought by ESJ Realty.

The wrongful act doctrine operates as a narrow exception to the American Rule which allows for the recovery of attorney's fees only when authorized by contract or statute. It applies in the following circumstance:

> Where the wrongful act of the defendant *has involved the claimant in litigation with others*, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses,

2

> including reasonable attorney's fees upon appropriate proof,
> may be recovered as an element of damages.

*City of Tallahassee v. Blankenship & Lee*, 736 So. 2d 29, 30 (Fla. 1st DCA 1999) (quoting *Northamerican Van Lines, Inc. v. Roper*, 429 So. 2d 750, 752 (Fla. 1st DCA 1983)).

Appellants' complaint alleges that ESJ Capital, Sitbon, and Berk made fraudulent statements during the negotiations leading up to the contract with ESJ Realty. When appellants sought to terminate the contract, ESJ Realty sued them. Thus, the wrongful act of defendants placed appellants in litigation with ESJ Realty and made the expense of attorney's fees necessary and recoverable as damages.

Appellees counter that the contract action was not "litigation with others," because ESJ Realty is an affiliate of ESJ Capital Partners. In the complaint ESJ Realty was referred to as a third-party affiliate. When negotiating the contract, appellees required that the ultimate binding contract be between appellants and ESJ Realty, not ESJ Capital Partners. There is no evidence of the corporate structure to determine how the two corporations are related. However, they each have a separate corporate existence. As such, they are not the same party, and the litigation between ESJ Realty and appellants is litigation with a third party for purposes of the wrongful act doctrine. Florida has long adhered to the principle that "[s]o long as proper use is made of the fiction that corporation is entity apart from stockholders, fiction will not be ignored . . . ." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117 (Fla. 1984) (quoting *Riesen v. Md. Cas. Co.*, 14 So. 2d 197, 199 (Fla. 1943)). So too are the two entities here separate parties. As the contract litigation was between a third party and appellants, the narrow exception of the wrongful act doctrine applies.

Furthermore, the court erred in determining that the independent tort doctrine would bar a claim for attorney's fees as damages. Here, the fraud cannot be said to be independent of the contract. As we explained in *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1 (Fla. 4th DCA 2021):

> As a general principle of law, "a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *Island Travel & Tours, Ltd., Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) (citing *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017)). This principle is "rooted in the notion that, when a contract is breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law." 223 So. 3d

3

at 1068. **This principle only applies, however, to the parties to the contract**. *Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532 (Fla. 2004); *Straub Cap. Corp. v. L. Frank Chopin, P.A.*, 724 So. 2d 577 (Fla. 4th DCA 1998).

*Id.* at 3 (emphasis added). And in *Costa Investors, LLC v. Liberty Grande, LLC*, 353 So. 3d 627 (Fla. 4th DCA 2022), we held that where the president of a company signed a contract on behalf of the company and was later sued in his individual capacity for fraud, the independent tort doctrine did not prevent the fraud suit because the president was not a party to the contract. *Id.* at 633–34.

Just as in *Unijet* and *Costa*, the independent tort doctrine does not apply here, because appellees were not parties to the underlying contract. Therefore, appellants could sue appellees for those damages that flowed from their fraudulent conduct. I would hold that the court erred in granting summary judgment on the fraud complaint because damages were recoverable. Should appellants prevail on their claim, the attorney's fees defending the litigation with ESJ Realty would be recoverable damages. I would reverse and remand for further proceedings on the issues.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

4