940 So.2d 79 (2006)
Dennis JOHNSTON, Plaintiff-Appellee
v.
Francis C. BROUSSARD, et al., Defendants-Appellants.
No. 41,477-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
*80 Francis C. Broussard, in Proper Person.
Robert A. Lee, in Proper Person.
Hayes, Harkey, Smith & Cascio, L.L.P. by Joseph D. Cascio, Jr., John C. Roa, Monroe, for Appellant, Coregis Insurance Co.
Donald L. Kneipp, Monroe, for Appellee, Dennis Johnston.
Before BROWN, GASKINS and PEATROSS, JJ.
GASKINS, J.
Coregis Insurance Company, a defendant against whom a default judgment was rendered, appeals from a trial court judgment denying its motion for new trial. We vacate the default judgment against Coregis and reverse the trial court's denial of Coregis' motion for new trial. The matter is remanded to the trial court for further proceedings.

FACTS
Dennis Johnston originally went to Francis Broussard, an attorney, for assistance with a worker's compensation claim. Johnston, a construction painter, claimed to have been injured on a gin boom on June 19, 1995, while working for a painting contractor at Riverwood International, a wood manufacturing plant. The gin boom was supplied by a rental company. Believing that there was also a third party suit against the rental company for a possible malfunction of the gin boom, Broussard drafted a petition against Ram Rent-All, Inc., to be filed by an associate, Robert A. Lee. The petition was filed on June 5, 1996, in the Fourth Judicial District Court in Ouachita Parish. However, the suit against Ram Rent-All, Inc., was eventually dismissed on summary judgment because *81 it did not rent the equipment Johnston was using at the time of the accident.
Johnston filed suit on June 13, 1997, against Broussard and Lee and their legal malpractice insurers for allegedly allowing his claim against the real equipment owner to prescribe by failing to name the proper party defendant. The insurers were originally designated as ABC Insurance Company and XYZ Insurance Company.
Broussard and Lee filed a motion for summary judgment in October 2002. They asserted that Johnston identified Ram Rent-All, Inc., as the owner of the rented gin boom. Johnston stated in an affidavit that he did not supply this information and did not know why they identified Ram Rent-All, Inc., as the owner. According to the minutes, the motion was denied in December 2002.
In November 2003, Johnston filed an amended petition naming Coregis Insurance Company in the place of ABC Insurance Company as Broussard's legal malpractice insurer. A preliminary default against Coregis was taken by Johnston's counsel on December 29, 2003, and confirmed on April 6, 2004. At the confirmation hearing, counsel for the plaintiff presented the testimony of Johnston and his wife, as well as medical evidence pertaining to Johnston's disability. Introduced as exhibit # P-6 were the policy provided by Broussard during discovery and two letters from Gilsbar, Inc. Johnston testified that even before May 1997, he had told Broussard to notify his insurance company because he felt Broussard had wronged him. Counsel for Johnston also introduced into evidence the entire record. Judgment was rendered against Coregis in the amount of $300,000, plus interest and costs from the date of judicial demand.
In June 2004, Coregis filed a motion for new trial. Among other things, it asserted that the verdict was contrary to the law and the evidence because Johnston failed to prove that Coregis had a policy in effect that provided coverage for Broussard. A hearing was held on February 2, 2006. The matter was taken under advisement. Finding no basis for a new trial, the trial court denied the motion. Judgment in conformity with this ruling was signed on February 25, 2006.
Coregis appeals.

LAW
A default judgment must be confirmed by proof sufficient to establish a prima facie case. La. C.C.P. art. 1702. A prima facie case is established when the plaintiff proves the essential allegations of the petition with competent evidence, to the same extent as if the allegations had been specifically denied. Martin v. Sanders, 35,575 (La.App.2d Cir.1/23/02), 805 So.2d 1209.
In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. Brown v. Trinity Insurance Company, 480 So.2d 919 (La.App. 2d Cir.1985); Martin v. Sanders, supra. Although there is a presumption that the evidence presented supports a default judgment, this presumption does not attach when the record of the confirmation hearing is before the appellate court. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. Bordelon v. Sayer, XXXX-XXXX (La.App. 3d Cir.3/13/02), 811 So.2d 1232, writ denied, XXXX-XXXX (La.6/21/02), 819 So.2d 340.
A new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and evidence. La. *82 C.C.P. art.1972(1). The trial court's discretion or ruling on a motion for new trial is great, and its decision will not be disturbed on appeal, absent an abuse of that discretion. Bordelon v. Sayer, supra.
The jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introducing that writing. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); Sudds v. Protective Casualty Insurance Company, 554 So.2d 149 (La. App. 2d Cir.1989). This applies to an insurance contract, which must be embodied in a written instrument called the policy. La. R.S. 22:624. The written insurance contract is an essential element of the plaintiff's prima facie case, and no valid default judgment can be rendered against the insurer without introducing the insurance contract into evidence. Brown v. Trinity Insurance Company, supra; Sudds v. Protective Casualty Insurance Company, supra; Martin v. Sanders, supra.
The jurisprudential exception is that when the plaintiff requests admissions of contractual coverage or production of the policy, the defendant's failure to comply may be construed as supplying the missing proof. Succession of Rock v. Allstate Insurance Company, 340 So.2d 1325 (La.1976); Brown v. Trinity Insurance Company, supra; Sudds v. Protective Casualty Insurance Company, supra.

DISCUSSION
Coregis asserts that the evidence presented at the default confirmation hearing was inadequate to prove that it provided Broussard with insurance coverage for legal malpractice and that the trial court erred in denying its motion for new trial. We agree.
Three items of evidence were introduced in the record at the default confirmation hearing regarding Broussard's legal malpractice insurance coverage. They were: (1) a copy of a Coregis insurance policy and application providing Broussard coverage from May 1, 1995 to May 1, 1996, on a claims-made and reported basis; (2) a letter dated May 8, 1996, from Gilsbar, Inc., to Broussard in which it stated that Coregis was offering him claims-made and reported coverage from May 1, 1996 to May 1, 1997, provided that Broussard take eight enumerated actions which include making payment and signing various documents; and (3) a letter dated June 6, 1997, from Gilsbar to Broussard stating that his policy expired on May 1, 1997, and that his file was being closed. The policy number of the May 1995 to May 1996 policy is also found on the May 8, 1996 letter, along with a file number. The June 6, 1997 letter has the same file number but no policy number. Most importantly, the plaintiff did not introduce a copy of an insurance policy for the period of May 1, 1996 to May 1, 1997. Additionally, he did not request admission of facts as to coverage from Coregis.[1]
*83 We find that the plaintiff presented insufficient proof of Broussard's alleged insurance coverage with Coregis and thus did not carry his burden of proving a prima facie case against the insurer. Coregis was entitled to a new trial based on an improper confirmation of a default judgment and on La. C.C.P. art.1972(1). The trial court abused its discretion in denying Coregis' request for new trial. Consequently, we reverse the trial court's denial of the motion for new trial and vacate the default judgment taken against Coregis.

CONCLUSION
We vacate the default judgment against Coregis Insurance Company, and reverse the trial court judgment denying Coregis' motion for new trial. The matter is remanded to the trial court for further proceedings. Costs are assessed against the appellee, Dennis Johnston.
DEFAULT JUDGMENT VACATED; JUDGMENT ON MOTION FOR NEW TRIAL REVERSED; REMANDED.
NOTES
[1] The documents with which the plaintiff seeks to establish insurance coverage contain language that it is a claims-made policy. A claims-made policy limits the coverage to claims made within the policy period. In such a policy, it is the making of the claim which is the event and peril being insured, subject to policy language, regardless of when the occurrence took place. Burns v. CLD, Inc., 38,998 (La.App.2d Cir.10/27/04), 886 So.2d 607, writ denied, 2004-2906 (La.2/18/05), 896 So.2d 31. The alleged legal malpractice took place by June 19, 1996, when the plaintiff's claim against the owner of the gin boom prescribed. The plaintiff filed this legal malpractice suit on June 13, 1997. Coregis was added as a defendant in November 2003. On the face of the record, it appears that the claim was not made during the policy term and that the policy may not provide coverage.