STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-444


CHAD EAST AND CRYSTAL EAST

VERSUS

JOHN J. CAPDEVIELLE, ET AL.



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-4939
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
D. Kent Savoie, Judges.


REVERSED AND VACATED.

**Billy E. Loftin, Jr.**
**Brian M. Bradford**
**Loftin, Cain & LeBlanc, L.L.C.**
**113 Dr. Michael DeBakey Drive**
**Lake Charles, LA 70601**
**(337) 310-4300**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Chad East**
 **Crystal East**

**Tammy L. Clary**
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
**2001 Bryan Street, Suite 1800**
**Dallas, TX 75201**
**(214) 880-1869**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **RLI Insurance Company**

**Jennifer A. Fiore**
**Dunlap Fiore, LLC**
**6700 Jefferson Highway, Building #2**
**Baton Rouge, LA 70806**
**(225) 282-0666**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
 **John J. Capdevielle**
 **Patricia Capdevielle**
 **John J. Capdevielle, II, Architect,LLC**

**H. Minor Pipes, III**
**John W. Joyce**
**Barrasso, Usdin, Kupperman, Freeman & Sarver, L.L.C.**
**909 Poydras Street, Suite 2400**
**New Orleans, LA 70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Ohio Security Insurance Company**

**SAUNDERS, Judge.**

The issue presented in this case is whether the evidence introduced by Plaintiffs against an insurance carrier to confirm a default judgment was sufficient to establish a prima facie showing of liability coverage. For the reasons that follow, we reverse the confirmation of default and vacate the judgment against the insurance carrier.

## FACTUAL AND PROCEDURAL HISTORY:

In this breach of contract case, Appellees, Chad and Crystal East, ("Easts") sued their architect, Appellee, John J. Capdeville, II, his firm, and his wife, for failing to produce appropriate architectural plans that they contend they paid for. The Easts also sued Ohio Security Insurance Company ("OSIC"), which allegedly issued a commercial general liability policy to the architect, and RLI Insurance Company, which allegedly issued a professional liability policy to the architect and his firm. OSIC did not file responsive pleadings.

On March 6, 2018, the Easts obtained a preliminary default against OSIC. The default was confirmed on March 13, 2018. In confirming the default, the Easts submitted proof of insurance, rather than the OSIC policy, to support a prima facie showing of liability coverage. It is from this judgment that OSIC appeals.

## DISCUSSION OF THE MERITS:

In its sole assignment of error, OSIC argues that the trial court erred in confirming the default judgment because the Easts did not establish their prima facie case with respect to insurance coverage because they did not submit the OSIC policy into evidence at the confirmation hearing. We agree.

An appellate court reviews default judgments under the manifest error standard of review. *Arias v. Stolthaven New Orleans*, *L.L.C.* 08-1111 (La. 5/5/09),

9 So.3d 815. In performing that review, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Id.*

A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. See La.Code Civ.P. art. 1702(A). When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto containing facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. See La.Code Civ.P. art. 1702(B)(2).

In, *Arias*, 9 So.3d at 819-20 (citations omitted), the Louisiana Supreme Court noted:

> [D]efendant is generally required to file an answer within fifteen (15) days after service of citation upon him. . . . [W]hen the defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him.
>
> . . . . [A] default judgment . . . may be obtained by oral motion in open court or by written motion . . . .
>
> . . . .
>
> Confirmation of a default judgment . . . requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." . . . .
>
> . . . .
>
> There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered. Finally, a defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal.

The Louisiana Supreme Court observed in *Arias* that "when an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing into evidence." 9 So.3d at 822. In *Arias* and other cases, the Louisiana

Supreme Court and lower courts have held that the failure to offer the operative insurance policy into evidence prevents a plaintiff from establishing a prima facie case of coverage and precludes entry of a default judgment against an insurer. *See Arias*, 9 So.3d 815. Similarly, *Northshore Regional Med. Center, L.L.C. v. Dill*, 12-850 (La.App. 1 Cir. 3/22/13), 115 So.3d 475, *writ denied,* 13-866 (La. 5/31/13), 118. So.3d 396, *Landry v. Boissenin*, 08-1240 (La.App. 1 Cir. 12/23/08), 4 So.3d 872, and *Nelson v. Merrick*, 06-2381 (La.App. 1 Cir. 9/19/07), 970 So.2d 1019, all hold that the operative insurance policy is an essential element of a plaintiff's prima facie case to confirm a default judgment against an insurance company.

Here, the Easts bore the burden to prove coverage under the OSIC policy as a matter of law. *See,* e.g., *Ho. v. State Farm Mut. Auto Ins. Co.*, 03-480, p. 4 (La.App. 3 Cir. 12/31/03), 862 So.2d 1278, 1281, "Louisiana law requires plaintiff to prove its claim to the satisfaction of the court, and places the burden on the plaintiff to establish every fact essential to recovery and to establish that the claim falls within the policy coverage."

Importantly, at the confirmation hearing, the Easts submitted proof of insurance, rather than the OSIC policy. Proof of insurance (POI) is generally any type of documentation that a person can provide to another individual indicating that the person has valid insurance with an insurance company. The most common form of a POI is a paper card provided by the insurance company listing policy information and effective dates. OSIC contends that the evidence submitted by the Easts neither describes the policy terms nor proves any connection between the facts and insurance coverage. OSIC further contends that pursuant to Louisiana Supreme Court precedent, "proof of insurance" is insufficient evidence to support a default judgment on coverage.

3

Contrary to OSIC's assertions, the Easts argue that an insurance policy is not required to be introduced into evidence for the trial court to properly confirm a default judgment. In support of their argument the Easts cite *Swinea v. Humana, Inc.*, 51,179 (La.App. 2 Cir. 2/15/17), 215 So.3d 897. *Swinea* acknowledges the "line of jurisprudence" holding that the introduction of the insurance policy is an "essential element of plaintiff's *prima facie* case and that no valid default judgment could be rendered without introducing it into evidence[,]" with the exception of a "unique set of facts", which include (1) correspondence admitting coverage; (2) proof of prior payment; and (3) documentation quoting relevant policy provisions. *Id.* at 905. Relying on *Swine*a, the Easts assert that the evidence introduced herein, in lieu of the insurance contract, was sufficient to establish a prima facia case of coverage and liability by OSIC for their damages in the absence of the admission of the insurance policy itself.

OSIC counterargues that the "unique set of facts" present in *Swinea,* are undeniably not present in this case. OSIC maintains that in *Swinea,* the "unique set of facts" taken together with other evidence "created a "factual pattern" with "many extensive admissions" that supported a deviation from the settled rule. *Swinea*, *Id.* at 906. Thus, *Swinea* is distinguishable from the instant case.

In the case before us, the record does not reflect that the OSIC policy was submitted into evidence, as is required to support a prima facie showing of liability coverage. Moreover, the default record does not contain any of the unique facts found in *Swinea*: correspondence admitting coverage, proof of prior payment, or documentation quoting relevant policy provisions. Rather, the record contains only a single certificate of insurance, which itself warns that it "CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER," and that it is subject to the "TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES." Notably, the rule in

4

*Arias* mandates that in default proceedings, "The insurance policy must be included in the submission of evidence to support a prima facie showing of liability coverage[.]" *Arias*, 9 So.3d at 822. Given the above, it was improper for the trial court to have confirmed a default judgment against OSIC.

## CONCLUSION:

Ohio Security Insurance Company asserts one assignment of error, that the trial court erroneously confirmed the default against it. We find merit to the assertion that confirmation of the default was improper given the record before us. Accordingly, we reverse the trial court's confirmation of default against OSIC and vacate the judgment. Costs of this proceeding is assessed to Chad and Crystal East.

**REVERSED AND VACATED.**