# IN THE COURT OF APPEALS OF IOWA

No. 22-0173
Filed September 21, 2022

**JANELLE MARIE ARON,**
        Petitioner-Appellee,

**vs.**

**CLARK JON ROBKEN,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Johnson County, Kevin McKeever,

Judge.


        Clark Robken appeals a protective order, arguing the assault underlying a

2018 protective order could not serve as the predicate for the later, current

protective order. **REVERSED AND REMANDED.**



        Abigail L. Brown of Leff Law Firm, L.L.P., Iowa City, for appellant.

        Sara Strain Linder of Bray & Klockau, P.L.C., Iowa City, for appellee.



        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Janelle Aron and Clark Jon Robken were in a relationship from 2014 to 2018 and had two children together. In early 2018, Aron petitioned for relief from domestic abuse. She alleged Robken physically abused her approximately two weeks before the filing and at an earlier, unspecified time. The district court issued a final domestic abuse protective order the same year. The following year, Aron applied to extend the protective order. The district court granted the application. The extended protective order expired in February 2020.[1]

In late 2021, Aron filed a second petition for relief from domestic abuse, which is the subject of this appeal. She alleged "previous physical, sexual & emotional abuse." Following an evidentiary hearing, the district court granted the petition and filed another final domestic abuse protective order in 2022. The order contained a finding that Robken "committed a domestic abuse assault against" Aron. The court acknowledged "[t]he assault in this instance" was "remote in time" but found the "history . . . paint[ed] a clear picture." That picture, the court said, "appear[ed] to reflect rational and honest fear on the part of [Aron] regarding [Robken's] actions." The court found it "hard to believe" that Robken was unaware how his actions and behaviors "caused [Aron] to be uncomfortable to the point of being fearful."

On appeal, Robken contends the assault underlying the 2018 protective order could not serve as the basis for the 2022 protective order and Aron's subjective fear of him was insufficient to support the order.

---

[1] In the interim, a custody proceeding was finalized.

"'Domestic abuse' means committing assault as defined in section 708.1" under specified circumstances, including where "[t]he assault is between persons who are parents of the same minor child, regardless of whether they have been married or have lived together at any time." Iowa Code § 236.2(2)(c) (2021). Section 708.1 includes within the definition of assault "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" or "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act" and committed without justification. *Id.* § 708.1(2)(a)–(b).

The evidence on which Aron relied for issuance of another protective order was (1) the 2017 assault on which the 2018 protective order was grounded; (2) her observation of Robken parked outside her workplace approximately seven weeks before her filing; (3) her observation of Robken parked outside a building she was slated to enter approximately two weeks before the filing; (4) Robken's early arrival for a child exchange; and (5) Robken's act of closing sliding doors and glaring at her during the children's medical appointments.

The assault underlying the 2018 order could not serve as the predicate for the 2022 protective order. *See Cozad-Calhoun v. Maher*, No. 21-1077, 2022 WL 2154685, at *3 (Iowa Ct. App. June 15, 2022) (stating the woman could not "use the assault that formed the basis for the original protective order as a basis for getting a new protective order when no subsequent assault occurred"). It is certainly true that "Iowa Code chapter 236 has no provision requiring a petition to

be filed within a specific time after an alleged assault." *Smith v. Smith*, 513 N.W.2d 728, 731 (Iowa 1994). But the remoteness of the 2017 assault is not the problem here; the problem is Aron's use of the identical conduct to obtain another protective order. As the court of appeals recently stated,

> [W]e are not saying that there is a time limit for when "event A" can be used as a basis for obtaining a protective order under chapter 236. Our case law is clear that there is no such time limit. However, the fact that there is no time limit for when an assault can form the basis for original relief under chapter 236 does not mean that the same assault can be used in perpetuity to keep obtaining new protective orders.

*Cozad-Calhoun*, 2022 WL 2154685, at *4.

We recognize Robken's prior conduct could be used "to shed light on whether [his] subsequent actions constituted an assault." *Id.*; *cf. Benda v. Streif*, No. 20-0805, 2021 WL 2453100, at *3 (Iowa Ct. App. June 16, 2021) (finding no error in the district court's consideration of allegations that formed the basis of prior petitions to decide whether the elements of an assault were satisfied); *Marcinowicz v. Flick*, No. 17-0039, 2017 WL 603997, at *3 (Iowa Ct. App. Dec. 6, 2017) (considering remote acts where they were not "isolated incidents" and the spouse "repeatedly engaged in violent and controlling behavior"). But the subsequent acts had to independently meet the definition of an assault.

Aron conceded Robken did not strike her after 2017 or after the extended 2018 protective order expired in 2020. When asked if he ever laid a hand on her after 2017, she responded, "No." While she stated he yelled at her once during an exchange of the children, she acknowledged he did not threaten to harm her. And while she expressed fear of Robken, fear alone is insufficient to support a finding of assault. *See Shannon v. Baumgartner*, No. 14-1650, 2015 WL 4935711, at *3

(Iowa Ct. App. Aug. 19, 2015) (stating "the focus of the assault statute is on the defendant, not the victim" (quoting *State v. Keeton*, 710 N.W.2d 531, 535 (Iowa 2006))); *Owens v. Owens*, No. 08-1374, 2009 WL 606590, at *3 (Iowa Ct. App. Mar. 11, 2009) (stating a woman's testimony might have supported a finding of harassment or stalking but "[a] claim of 'fear,' standing alone and absent an assault, [did] not give rise to a claim under chapter 236").

On our de novo review of the record, we conclude Aron failed to establish a basis for issuance of the 2022 protective order. We reverse and remand for dismissal of the protective order.

Aron seeks an award of appellate attorney fees. *See* Iowa Code § 236.5(4) ("The court may order that the defendant pay the plaintiff's attorney fees and court costs."); *see also Bacon ex rel. Bacon v. Bacon*, 567 N.W.2d 414, 419 (Iowa 1997) (granting "modest" request for fees in a domestic-abuse proceeding). Exercising discretion conferred by statute, we decline her request.

**REVERSED AND REMANDED.**