**IN THE COURT OF APPEALS OF IOWA**

No. 24-1362
Filed April 9, 2025


**BREANNE L. HAMMOND,**
    Plaintiff-Appellee,

**vs.**

**RICHARD J. HAMMOND,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Ringgold County, Brad McCall, Judge.


Richard Hammond appeals the entry of a protective order under Iowa Code chapter 236 (2024). **AFFIRMED.**


Randall L. Jackson of Ellis Law Offices, PC, Indianola, for appellant.

Sandra Esther Suarez Kruger, Des Moines, and Lisa M. Noble, Des Moines, for appellee.


Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Breanne Hammond obtained a final domestic-abuse protective order against her husband, Richard Hammond, pursuant to Iowa Code section 236.5 (2024). Richard appeals, claiming the district court erred in finding sufficient evidence that he had committed an assault to support the court's finding of domestic abuse. Our review is de novo. *Wilker v. Wilker*, 630 N.W.2d 590, 594 (Iowa 2001) ("Civil domestic abuse cases are also heard in equity and, thus, deserve a de novo review."). We give "[r]espectful consideration" to the district court's "factual findings and credibility determinations, but not to the extent where those holdings are binding upon us." *Id.*

A party seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that a domestic abuse assault occurred. *See* Iowa Code §§ 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."), .5 (providing relief is available "[u]pon a finding that the defendant has engaged in domestic abuse"). "'Domestic abuse means committing an assault as defined in Iowa Code section 708.1" when the assault is between specified persons, including "family or household members who resided together at the time of the assault," "separated spouses," and "persons who are parents of the same minor child." *Id.* § 236.2(2)(a)–(c).

Richard does not dispute the domestic nature of the parties' relationship. Instead, he claims the court erred in finding that his "contact with [Breanne] was an assault" or that his "words constituted a credible threat sufficient to establish assault." Iowa Code section 708.1 defines "assault" as "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which

will be insulting or offensive to another, coupled with the apparent ability to execute the act" or "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(a), (b).

Upon our review of the record, we conclude the testimony presented at the hearing was sufficient to support a finding that an assault occurred. Breanne described an "escalation of events" occurring during the first week of June 2024,[1] beginning on June 3 when Richard "physically beat" the family's dog. Within the next few days, during an argument, Richard "grabbed" her arm and the bag she was holding to retrieve a check, which hurt her arm and spilled things from her bag. The "final event" that led Breanne to seek the protective order and leave the family home with the parties' two children took place on June 9. Breanne testified, "I was sitting in a chair. He was standing over me. His anger and temper ha[d] progressively gotten worse"; Richard was "screaming" and "he threatened me . . . and said that he was going to beat the crap out of me so I would leave." Breanne stated she "[a]bsolutely" believed Richard could beat her in that moment.

Richard provided his version of the events. He agreed he threatened to "put a bullet" in the family's dog. He acknowledged he has "temper tantrums" and he "routinely swears at [Breanne]." He agreed he "probably grabbed [Breanne's bag] and pulled on it a little bit," and that Breanne could have found his actions to be

---

[1] Breanne also testified, "There was sexual abuse going on the last year and a half." She described incidents Richard forced her to have sex with him against her will and "coerced" her to have sex by threatening to withhold money.

offensive, but he wanted to find out if the check "had been cashed." As for the June 9 incident, Richard testified,

> I wanted her to leave so we could have time apart to start our divorce. And in the moment I stood up out of my chair, walked across the room, and I turned and said, "What if I threatened to beat the crap out of you? Would that get you to leave?"

He agreed he "ha[d] the ability" to attack Breanne "at that time," but he maintained he "would not have" done so.

A finding of domestic abuse requires proof that an assault occurred. The physical contact between Richard and Breanne while arguing over the check implicates the first alternative of section 708.1(2). *See id.* § 708.1(2)(a). *But see Easton-Cole v. Williamson*, No. 22-0734, 2023 WL 2671910, at *2 (Iowa Ct. App. Mar. 29, 2023) (finding the petitioner's description of the alleged assault indicated the contact was "an accident").

And Richard's threat to "beat the crap out of" Breanne—while standing directly over her—implicates the second alternative. *See* Iowa Code § 708.1(2)(b); *Henderson v. Mullenix*, No. 19-0626, 2020 WL 1049872, at *2 (Iowa Ct. App. Mar. 4, 2020) (noting the threats must be for immediate physical contact by someone with the apparent ability to execute the threats). *But cf. In re Landhuis*, No. 14-1447, 2015 WL 1331854, at *3 (Iowa Ct. App. Mar. 25, 2015) (observing threats "made over the telephone or by text message did not constitute an assault due to the lack of immediacy and inability to execute the act"). We also observe Richard's prior acts of sexual abuse or coercion and his violence toward the family's dog could be used "to shed light on whether [his] subsequent actions constituted an assault." *Cozad-Calhoun v. Maher*, 987 N.W.2d 430, 434 (Iowa Ct. App. 2022);

*Aron v. Robken*, No. 22-0173, 2022 WL 4361849, at *2 (Iowa Ct. App. Sept. 21, 2022); *accord Marcinowicz v. Flick*, No. 17-0039, 2017 WL 603997, at *3 (Iowa Ct. App. Dec. 6, 2017) (considering whether the acts were "isolated incidents" and whether the spouse "repeatedly engaged in violent and controlling behavior").

The district court found Breanne proved by a preponderance of the evidence that Richard committed domestic abuse assault against her and constituted a credible threat to her physical safety. The court stated, in part:

> As a part of considering the evidence the Court had the ability to observe and assess the credibility of the witnesses as they testified. The Court found [Breanne]'s testimony, and her version of the events leading up to her filing the instant proceeding, to be more credible than [Richard]. [Richard]'s anger directed at [Breanne] is corroborated by the text messages offered by [Breanne].
> . . . . [Breanne]'s testimony as to [Richard]'s actions and conduct on both June 6 and June 9 was more credible than [Richard]'s version of the events. Even if an assault did not occur when [Richard] grabbed [Breanne]'s bag, a preponderance of the evidence establishes as [Richard] stood over [Breanne] on June 9 and angrily threatened to beat her, [he] intended to place [her] in fear of physical contact which would be painful, injurious or offensive. At the time, he clearly had the apparent ability to carry through with his threats. Under the circumstances, entry of a permanent protective order was appropriate.

"The district court was in the best position to assess the credibility of the witnesses." *Bear v. Bear*, No. 02-0518, 2003 WL 289513, at *1 (Iowa Ct. App. Feb. 12, 2003). Under these facts and circumstances, we conclude Breanne sustained her burden to establish an assault. We affirm the court's entry of the domestic-abuse protective order.

**AFFIRMED.**